UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIRA SALEM,

        Plaintiff,                        CIVIL ACTION NO. 04 CV 72250 DT

        v.                                DISTRICT JUDGE JOHN CORBETT O'MEARA

DR. SAWHNEY, JUANITA          MAGISTRATE JUDGE VIRGINIA M. MORGAN
BRYANT, NURSE RAWLINS
and NURSE NICHOLS,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**

      This is an action brought pursuant to 42 U.S.C. § 1983 by plaintiff who is a state prisoner. This matter is currently before the court on Defendant's Renewed Motion for Dismissal following the issuance of new precedent from the Sixth Circuit. On April 27, 2005, in *Jones Bey v. Johnson*, case no. 03-2331 (6th Cir.) the appeals court instructed the district courts that they must completely dismiss all complaints with mixed exhausted and unexhausted claims. For the reasons discussed in this Report and Recommendation, it is recommended that this motion be granted. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e requires that before a prisoner may present her claim in federal court, she must first "exhaust" that claim. In Michigan this means that the prisoner must first file a grievance with the internal grievance coordinator at the prison where incarcerated, then if the grievance is denied, the prisoner must

appeal. The appeal is handled by the warden of the prison. If the warden denies the appeal, the prisoner must exercise a final appeal to the Office of the Director of the Michigan Department of Corrections. See MDOC Policy Directive 03.02.130. Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted. *Bey v. Johnson*, Case No. 03-2331, n.2 (6th Cir., April 27, 2005).

By way of background, plaintiff in the instant case is an inmate at the Robert Scott Correctional Facility (RSCF), in Plymouth, Michigan. She filed this *pro se* civil rights action under 42 U.S.C. § 1983 against fifteen prison officials, alleging that they violated her rights under the Eighth Amendment. On February 22, 2005, the district judge entered an order adopting the Report and Recommendation that the Plaintiff's complaint be dismissed as to some of the claims because they were not administratively and procedurally exhausted. The Recommendation order also allowed Plaintiff to amend within twenty-one (21) days the complaint to included only the exhausted claims. Plaintiff amended within twenty-one (21) days her complaint to include only those allegations that were completely exhausted against the remaining Defendants Sawhney, Bryant, and Rawlins in accordance with the court's order. On April 18, 2005, Defendants filed a Rule 12(b) Motion for Dismissal and Rule 56(b) Motion for Summary Judgement. The Plaintiff responded to both on May 24, 2005.

Subsequent to the Court's order allowing the filing of an amended complaint, the Sixth Circuit released a new opinion dealing with the dismissal issue: *Jones Bey v. Johnson*, Case No. 03-2331 (6th Cir. April 27, 2005). Previous circuit law left open the as issue as to whether a mixed complaint, that is a complaint containing both exhausted and unexhausted claims must be

completely dismissed or could be partially dismissed, as in the instant case. The district courts in the Sixth Circuit were divided, as were courts in other federal circuits. In *Jones Bey*, the Sixth Circuit adopted the rule of "total exhaustion." It held that when a prisoner's complaint alleges both exhausted and unexhausted claims, the PLRA requires a complete dismissal. *Id*. at 4. In light of *Jones Bey* holding, the Order of February 22, 2005 should be reconsidered; that is, because Plaintiff has not exhausted all her claims the entire complaint should be dismissed.

In deciding whether to permit the case to go forward the court has considered the issue the dissent noted. The dissent in *Jones Bey* raised the point that the decision does not overrule previous circuit law, specifically *Hardsfield v. Vidor,* 199 F.3d 305 (6th Cir. 1999), which stated that the unexhausted claims must be dismissed but the exhausted claims could move forward and be resolved on the merits. *Id* at 309. That holding implicitly answered the question the Sixth Circuit addressed in *Jones Bey*, that is, whether to use the total exhaustion or the partial exhaustion rule. The dissent stated that to overrule *Hardsfield*, the court must sit *en banc*. *Dissent* at 8. While the dissent may be correct, the district court, however, is bound to following the most recent precedent set forth by the Sixth Circuit. From a reading of *Jones Bey* the governing rule appears now to be the total exhaustion rule.

Reconsidering the order that permitted amendment raises the issue of retroactivity. Should a new opinion affect a past decision in a ongoing adjudication? Following the rule set forth by the Supreme Court in *Harper v. Va. Dep't of Taxation*, 509 U.S. 86 (1993), new opinions should and do affect past decisions and ongoing cases. Justice Thomas, writing for the Court stated: "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the

controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Id.* at 97. The Sixth Circuit also applies the majority's retroactive rule under *Harper*. When the Sixth Circuit applies a rule of law "that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all event, regardless of whether such event predate or postdate announcement of the rule." *Hamburger v. Desoutter, Inc.*, 886 F. Supp. 616, 620 (E.D. Mich. 1995). Further, in *Hatchell v. US*, 330 F.3d 875, 883 (6th Cir. 1997) the Sixth Circuit expanded on the general rule of retroactivity and explained when it could consider cases retroactively by following *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749 (1995). The court stated: when (1) the Court decides a case and applies the (new) legal rule of that case to the parties before it, then (2) it and other Courts must treat that same (new) legal rule as "retroactive," applying it, for example, to all pending cases, whether or not those cases involved pre-decision events. *Id.* at 752.

Therefore, the majority's controlling interpretation in *Jones Bey* applies with full retroactive effect in the instant case. The Order of February 22, 2005 should be reconsidered and the court should dismiss the entire complaint without prejudice because of the now controlling total exhaustion rule adopted by the Sixth Circuit. Accordingly, it is recommended that the Defendants' Renewed Motion for Dismissal should be granted and the cases dismissed without prejudice.

The parties to this action may object to and seek review of the Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitute a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F. 2d 505, 508 (6th Cir. 1991); *United States v. Walters,* 638 F. 2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F. 2d. 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F. 2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained withing the objections specifically and in the same order raised.

  s/Virginia M. Morgan  
VIRGINIA M. MORGAN  
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2005

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the parties and attorneys of record by electronic means or U.S. Mail on June 9, 2005.

s/Jennifer Hernandez  
Case Manager to  
Magistrate Judge Morgan