UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIRA SALEM,

       Plaintiff,                      CIVIL ACTION NO. 04-72250

       v.                                 DISTRICT JUDGE JOHN CORBETT O'MEARA

MS. YUKINS, *et. al.*,             MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiff's Motion for Alternative Representation and/or Legal Representation (D/E # 109). Defendants have not filed a response to plaintiff's motion. For the reasons discussed below, **IT IS ORDERED** that plaintiff's motion **IS DENIED**.

In this case, plaintiff seeks an order allowing another inmate, Rose Marie Green, to provide plaintiff legal assistance and to attend any deposition hearings. However, as acknowledged by plaintiff, such assistance would be contrary to prison policy, which prohibits the legal assistance agreements between prisoners. See Director's Office Memorandum 2007 -5 discussing PD 05.03.116, attached to plaintiff's motion.

It is well established that prisoners have a constitutional right of access to the courts. Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999). That right ensures "a reasonably

adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." Lewis v. Casey, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Both the United States Supreme Court and the Sixth Circuit have acknowledged that, in vindicating that right of access, inmates may require assistance. See, e.g., Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), Knop v. Johnson, 977 F.2d 996 (6th Cir. 1992).

No particular methodology for securing the right of access to courts is required. Lewis, 518 U.S. at 356., but the Sixth Circuit has stated "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Knop, 977 F.2d at 1003, quoting Bounds 430 U.S. at 825. The Sixth Circuit has also emphasized that Bounds "refers to law libraries or other forms of legal assistance, in the disjunctive, no fewer than five times." Glover v. Johnson, 75 F.3d 264, 267 (6th Cir. 1996) (citations omitted). Moreover, an inmate does not have the right to assistance from another inmate, and "prison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court." Thaddeus-X, 175 F.3d at 395, citing Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir. 1993).

In this case, plaintiff asserts that she has limited knowledge and no experience in civil litigation, that Green has demonstrated a degree of experience in civil litigation, and that plaintiff depends on and needs Green's assistance at this time. Plaintiff does, however, admit that she has access to a law library and assistance from a law library clerk. While the "existence of a prison law library, standing alone, does not necessarily suffice to ensure uneducated or

non-English-speaking inmates 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement,'" Thaddeus-X, 175 F.3d at 395, quoting Lewis, 518 U.S. at 356, plaintiff has merely alleged that she has limited knowledge and no experience in civil litigation. She has access to both a law library and help from a law library clerk. Given those facts, the prison policy prohibited legal assistance agreements between prisoners does not interfere with plaintiff's ability to present her grievances to a court or her constitutional to access the court and, consequently, this Court denies plaintiff's motion.

**SO ORDERED**.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: October 26, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on October 26, 2007.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan