UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIRA SALEM,

    Plaintiff,

Case No. 04-72250

v.

Hon. John Corbett O'Meara
Hon. Virginia M. Morgan

JOAN YUKINS, *et al.,*

    Defendants.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT SAWHNEY'S MOTION FOR RECONSIDERATION**

    This case involves Plaintiff Amira Salem's claims under 42 U.S.C. § 1983 that several Michigan Department of Corrections officials were deliberately indifferent to her serious medical needs. Ms. Salem, appearing *pro se*, is incarcerated at the Robert Scott Correctional Facility in Plymouth, Michigan. Before the court is Defendant Indira Sawhney, M.D.'s motion for reconsideration. Dr. Sawhney filed a motion for reconsideration on March 22, 2010, seeking reconsideration of this court's March 3, 2010 order adopting Magistrate Judge Morgan's report and recommendation. The court denied Defendant's motion as untimely on April 20, 2010. Defendant filed another motion for reconsideration on April 22, 2010, contending that the first motion for reconsideration was timely under Fed. R. Civ. P. 6(d) and 5(b)(2)(E).

    Defendant is correct that her initial motion for reconsideration was timely. Therefore, the court will consider the merits. The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court
> will not grant motions for rehearing or reconsideration which

> merely present the same issues ruled upon by the court, either
> expressly or by reasonable implication. The movant shall not only
> demonstrate a palpable defect by which the court and the parties
> have been misled but also show that correcting the defect will
> result in a different disposition of the case.

LR 7.1(g)(3). With respect to a magistrate judge's report and recommendation, this court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

The magistrate judge recommended that the court deny Defendant's motion for summary judgment because the issues raised had already been decided. The court agreed and adopted the magistrate judge's report and recommendation on March 3, 2010. Plaintiff's remaining claim against Defendant is that Dr. Sawhney was deliberately indifferent to Plaintiff's medical needs when Dr. Sawhney failed to remove Plaintiff's sutures within eight or nine days. Dr. Sawhney allegedly failed to remove post-surgery sutures from Plaintiff's ear and arm in February 2002. Plaintiff contends that these sutures should have been removed within eight or nine days, as recommended by her surgeon. Defendant sought summary judgment on this claim in her first summary judgment motion, arguing that there was no evidence that Dr. Sawhney was *aware* that the sutures needed to be removed. This argument was rejected by the magistrate judge in a report and recommendation that was adopted by this court.

In her second motion for summary judgment, Defendant argued that the need to have the sutures removed did not constitute an objectively serious medical need warranting Eighth Amendment protection. After a review of the record, the court agrees that this specific issue was

not previously addressed by the magistrate judge.  See August 20, 2008 Report and Recommendation at 23-24 [Docket No. 135]; November 16, 2007 Motion for Summary Judgment [Docket No. 117].

A prisoner's claim that her constitutional right to medical treatment was violated is analyzed under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 103-104 (1976). "The Eighth Amendment prohibits prison officials from 'unnecessarily and wantonly inflicting pain' on prisoners by acting with 'deliberate indifference' to prisoners' serious medical needs." Flanory v. Bonn, 604 F.3d 249, 253 (6th Cir. 2010).  A failure to provide medical care may rise to the level of an Eighth Amendment violation where (1) the prisoner demonstrates a sufficiently serious medical need; and (2) prison officials knew of and disregarded an excessive risk to an inmate's health or safety.  See id. at 253-54.  A medical need is objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Blackmore v. Kalamazoo Cty., 390 F.3d 890, 895 (6th Cir. 2004).   In cases involving seemingly minor maladies or where the need for medical care is not obvious, "medical proof is necessary to assess whether the delay caused a serious medical injury." Id. at 898.

Plaintiff had lesions removed from her left ear and right arm on February 21, 2002, by Dr. Wisneski.  The incisions measured 1.1 cm by 0.5 cm and 1.3 cm by .05 cm.  Dr. Wisneski closed the wounds with sutures and recommended that they be removed within 8 to 9 days.  See Ex. D at 87, 207 (Docket No. 204).  Plaintiff contends that Dr. Sawhney was supposed to remove the sutures in a timely manner but delayed in doing so.  According to Plaintiff, the sutures became painful and "infected with puss."  See Affidavit of Pamela Gordon (Docket No. 210).

Plaintiff's prison roommate removed the sutures by "dig[ing] into her flesh, because the sutures were beneath the skin." Id.  By the time Plaintiff saw Dr. Sawhney, on March 20, 2002, the sutures had already been removed.  There is no evidence in Plaintiff's medical file that the sites of the sutures were painful or infected at the time Plaintiff saw Dr. Sawhney.  There is no record of any further complaint regarding the sutures in Plaintiff's medical file.

Defendant has submitted a declaration from Dr. Wisneski, who performed Plaintiff's surgery and closed the wounds.  Dr. Wisneski states that "[t]he recommended period of time in which to remove the sutures was merely a recommendation; it was not a hard and fast order. Furthermore, given the various security and scheduling issues associated with a prison environment, I would not have expected the sutures to be removed within the exact recommended period of time.  Whether the sutures were removed within the recommended period of 8 to 9 days, or within as late as 2.5 to 3 weeks, or possib[ly] even longer, I would not expect Plaintiff's outcome to have changed."  Ex. A (Declaration of Jerome Wisneski, M.D.).

Generally, the court does not consider new evidence presented with a motion for reconsideration that could have been presented in the original motion papers.  See, e.g., Mays v. U. S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997); RGI, Inc. v. Rachel, 963 F.2d 658, 661-62 (4th Cir. 1992) (affirming refusal to consider affidavit that was not timely presented during summary judgment proceedings).  However, even without considering Dr. Wisneski's declaration, the court finds that Plaintiff has not demonstrated that the delay in removing her sutures constituted a sufficiently serious medical need under the Eighth Amendment.  Given the size and location of the sutures, the need for their timely removal falls into the category of a non-obvious or minor malady.  In such cases, "medical proof is necessary to assess whether the delay

-4-

caused a serious medical injury." Blackmore, 390 F.3d at 898.  Here, Plaintiff has not presented medical proof that the delay caused her a *serious* injury.  Rather, the record indicates that the suture sites had healed by March 20, 2002.  Although Plaintiff claims that she suffered scarring, there is no evidence that such scarring would not have occurred if the sutures had been removed within eight or nine days, as recommended by Dr. Wisneski.  The court finds that dismissal of Plaintiff's Eighth Amendment claim against Dr. Sawhney is appropriate.

## ORDER

Therefore, IT IS HEREBY ORDERED that the court's April 20, 2010 order denying Defendant's motion for reconsideration is VACATED.

IT IS FURTHER ORDERED that the court's March 3, 2010 order adopting the magistrate judge's report and recommendation is VACATED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Defendant's October 1, 2009 motion for summary judgment is GRANTED and that Count I of Plaintiff's Second Amended Complaint is DISMISSED.

s/John Corbett O'Meara  
United States District Judge

Date:  June 23, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 23, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager